IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRIDENT E&P, LLC,<br><br>                Plaintiff,<br>v.<br>HP INC., and HPI FEDERAL, LLC,<br><br>                Defendants. | CIVIL ACTION 2:22-CV-03030-WB |

**JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on September 28, 2022, and submit to Chambers the following report of their meeting for the Court's consideration:

    **1. Discussion of Claims, Defenses, and Relevant Issues**

Trident E&P, LLC ("Plaintiff") brings this action seeking damages from HP Inc. and HPI Federal, LLC ("Defendants") for allegedly causing the Defense Logistics Agency ("DLA") to terminate its award to Plaintiff of a contract to supply printers, copiers, and associated technical support and supplies for use aboard United States Navy ships by sending a letter to DLA in December 2021. The Complaint asserts causes of actions for tortious interference with contract, tortious interference with prospective economic relations, fraud, fraudulent inducement, and defamation.

In response, Defendants assert that Plaintiff failed to mention the existence of a written supplier contract governing the parties' relationship, the terms of which require the case to be transferred to California and that California law be applied. Additionally, Defendants seek to strike Trident's Complaint as an impermissible strategic lawsuit against public participation ("SLAPP") under the California anti-SLAPP statute. Finally, Defendants assert that the Complaint fails to state

any legally viable claim, largely because the letter sent to DLA in December 2021 was truthful and accurate, as the allegations of the Complaint establish. On October 3, 2022, Defendants filed their Motion to Transfer, Motion to Strike, and Motion to Dismiss the Complaint (the "Motions") (ECF No. 10). By stipulation, Plaintiff's response will be filed on or before October 31, 2022, and Defendants' reply will be filed on or before November 14, 2022 (ECF No. 12).

2. **Initial and Informal Disclosure**

By agreement, counsel for the parties anticipate completing their self-executing disclosures required by Rule 26(a) within 14 days after the Court's ruling on the pending Motions.

3. **Formal Discovery**

(a) <u>General</u>

The Court's decision on the threshold issues raised in Defendant's pending Motions will materially impact the necessity and scope of discovery. If the Court grants any of the Motions in full, no discovery will be required (or at the very least no discovery will be required in this Court). If the Court denies the Motions in part or in full, the Court's reasoning will define the factual and legal issues in dispute and clarify the parties' respective discovery needs. **<u>Accordingly, the parties respectfully request that discovery be held in abeyance pending the Court's disposition of the Motions</u>**. The parties agree that this would best conserve the parties' and Court's resources, and is the most efficient manner of proceeding in this case.

Without waiver of their respective rights to contest the propriety or scope of discovery, the parties note that the following topics may be the subject of discovery in this action:

- Communications between Plaintiff and Defendants relating to the Government bid process and contract award;
- The relevant proposals to and contracts with the Government;
- The parties' correspondence with various representatives of the Government;
- Plaintiff's calculation of alleged losses and other damages and the related issues of

causation;

- Plaintiff's internal memoranda, drafts, whitepapers, or other guidance used in preparing its bid proposals; and
- Filings from the proceedings before the Government Accountability Office and in the United States Court of Federal Claims.

(b) <u>Sequence and Timing</u>

The discovery schedule should be determined, with additional input from the parties, after the Court's decision on the Motions, if necessary. Additionally, while the parties understand the Court's preference for using dates certain when proposing a discovery schedule, dates certain here are difficult to specify because the necessity and scope of discovery is currently uncertain. Subject to holding discovery in abeyance pending disposition of the Motions, the parties propose the following pre-trial schedule:

- Deadline to serve Rule 26(a)(1) initial disclosures: 14 days after the Court rules of the Motions.
- Deadline to amend pleading to add claims or parties: 30 days after the Court rules on the Motions.
- Deadline to complete fact discovery: 180 days after the Court rules on the Motions.
- Deadline for affirmative expert reports (if any): 210 days after the Court rules on the Motions.
- Deadline for rebuttal expert reports (if any): 240 days after the Court rules on the Motions.
- Deadline to complete discovery, including expert depositions: 270 days after the Court rules on the Motions.
- Deadline to file motions for summary judgment: 300 days after the Court rules on the Motions.

The parties reserve the right to reassess the discovery schedule after the Court rules on the Motions, and to request an additional case management conference or otherwise seek adjustments to the schedule at that time.

4. **Electronic Discovery**

Counsel agree that unless otherwise stipulated by the parties or ordered by the Court, discovery shall proceed in accordance with the Federal Rules of Civil Procedure, including the amendments to the Federal Rules regarding electronic discovery effective December 1, 2006. At this time, the parties are not aware of any modifications to this default position. That said, the parties agree that discovery will involve ESI, and that they will meet and confer to negotiate an appropriate ESI Protocol.

5. **Expert Witness Disclosures**

The parties reserve their decisions of whether expert witnesses will be required pending the Court's ruling on the Motions. If expert testimony is anticipated, the parties agree to exchange expert reports consistent with the to-be-determined schedule.

6. **Early Settlement or Resolution**

The parties do not believe that settlement discussions or ADR will be productive at this juncture given the pending Motions. They will assess whether a settlement conference may be beneficial as the case and discovery proceed.

7. **Trial Date**

The parties anticipate that, if necessary, the matter will be ready for trial 90 days after a decision on summary judgment (if any) is issued.

Date:  October 20, 2022

| | |
|---|---|
| **SILVERANG, ROSENZWEIG & HALTZMAN, LLC** | **DLA PIPER LLP (US)** |
| */s Philip S. Rosenzweig* <br> Philip S. Rosenzweig (PA 62461) <br> William C. Katz (PA 205086) <br> Genevieve McCormack (PA 201172) <br> 900 E. 8th Avenue, Suite 300 <br> King of Prussia, PA 19406 <br> p: 610-263-0115 / f: 215-754-4139 <br> prosenzweig@sanddlawyers.com <br> wkatz@sanddlawyers.com <br> gmccormack@sanddlawyers.com <br><br> *Attorneys for Trident E&P, LLC* | */s Joseph Kernen* <br> Joseph Kernen (PA Bar #56343) <br> joseph.kernen@us.dlapiper.com <br> Sarah E. Kalman (PA Bar #325278) <br> sarah.kalman@us.dlapiper.com <br> One Liberty Place <br> 1650 Market Street, Suite 5000 <br> Philadelphia, PA 19103-7300 <br> Phone: (215) 656-3300 <br><br> Scott R. Wilson (*pro hac vice* pending) <br> scott.wilson@us.dlapiper.com <br> 1251 Avenue of the Americas, 27th Floor <br> New York, NY 10020 <br> Phone: (212) 335-4915 <br><br> Dawn E. Stern (admitted *pro hac vice*) <br> dawn.stern@us.dlapiper.com <br> 500 Eighth Street, NW <br> Washington, DC 20004 <br> Phone: (202) 799-4405 <br><br> *Attorneys for HP Inc. and HPI Federal, LLC* |