1  **DLA PIPER LLP (US)**
   Scott R. Wilson (admitted *pro hac vice*)
2  scott.wilson@us.dlapiper.com
   1251 Avenue of the Americas, 27th Floor
3  New York, NY 10020
   Telephone:     (212) 335-4915
4  Facsimile:     (212) 335-4501

5  **DLA PIPER LLP (US)**
   Dawn E. Stern (admitted *pro hac vice*)
6  dawn.stern@us.dlapiper.com
   500 Eighth Street, NW
7  Washington, DC 20004
   Telephone:     (202) 799-4405
8  Facsimile:     (202) 799-5000

9  **DLA PIPER LLP (US)**
   Bing Sun (SBN 327951)
10 bing.sun@us.dlapiper.com
   555 Mission Street, Suite 2400
11 San Francisco, California 94105-2933
   Telephone:     (415) 836-2500
12 Facsimile:     (415) 836-2501

13 Counsel for Defendants
   HP Inc. and HPI Federal, LLC

14

15                    **UNITED STATES DISTRICT COURT**

16              **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

17

18 TRIDENT E&P, LLC,                          Case No. 3:24-cv-00790-LB

19                    Plaintiff,              **DEFENDANTS HP INC. AND HPI FEDERAL, LLC'S MOTION FOR MANDATORY FEES AND COSTS UNDER CALIFORNIA'S ANTI-SLAPP LAW**

20        v.

21 HP INC., et al.,                           Date:     May 8, 2025
                                              Time:     9:30 a.m.
22                    Defendants.             Room:     Via Zoom Videoconference
                                              Judge:    Hon. Laurel Beeler
23

24                                            Complaint Filed:  August 2, 2022
                                              Judgment Entered: February 4, 2025
25

26

27

28

1

## NOTICE OF MOTION AND MOTION

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

   PLEASE TAKE NOTICE that on May 8, 2025, at 9:30 a.m., or as soon thereafter as this

4

matter may be heard, before the Honorable Laurel Beeler in Courtroom B, 15th Floor, of this

5

Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, and via Zoom

6

videoconference, Defendants HP Inc.[1] and HPI Federal, LLC will and hereby do move for a

7

mandatory award of attorney's fees and costs pursuant to California Code of Civil Procedure

8

Section 425.16, because Defendants are the prevailing parties in a strategic lawsuit against public

9

participation. Defendants respectfully request an award of attorney's fees and non-taxable costs

10

incurred in connection with the four anti-SLAPP motions in this lawsuit. Defendants also request

11

an award of fees and costs incurred in bringing this Motion as permitted by law. Defendants have

12

met and conferred with Plaintiff's counsel pursuant to Civil Local Rule 54-5.

13

   This Motion is based on this Notice of Motion and Motion, the Memorandum of Points of

14

Authorities in support thereof, all materials cited within the Memorandum, including the

15

Declaration of Scott R. Wilson and exhibits attached thereto, and the Proposed Order submitted

16

herewith, the pleadings and evidence on file in the matter, oral argument of counsel, and such

17

other materials and evidence as may be presented to the Court.

18

19

20

21

22

23

24

25

26

27

---

[1] The complaint and amended complaint list as a defendant "HP, Inc." and the case was captioned accordingly. However, the correct entity name does not contain a comma; it is "HP Inc." The erroneous comma is omitted in the captions of Defendants' motion papers.

28

Respectfully submitted,

Dated: March 6, 2025

*/s/ Scott R. Wilson*
DLA PIPER LLP (US)

Scott R. Wilson (admitted *pro hac vice*)
scott.wilson@us.dlapiper.com
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Phone: (212) 335-4915

Dawn E. Stern (admitted *pro hac vice*)
dawn.stern@us.dlapiper.com
500 Eighth Street, NW
Washington, DC 20004
Phone: (202) 799-4405

Bing Sun (SBN 327951)
bing.sun@us.dlapiper.com
555 Mission Street, Suite 2400
San Francisco, CA 94105
Phone: (415) 836-2500

DEFENDANTS' MOTION FOR ANTI-SLAPP FEES AND COSTS
CASE NO. 3:24-CV-00790-LB

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

ARGUMENT ....................................................................................................................... 4

I.    HP Is Entitled To Recover Its Attorney's Fees And Costs As The Prevailing Party Under
      The Anti-SLAPP Law. ................................................................................................ 4

II.   HP Requests Reasonable Fees Incurred In Connection With Its Anti-SLAPP Motions To
      Strike. ....................................................................................................................... 6

      A.    HP seeks an award based on hours reasonably expended in connection with four
            anti-SLAPP motions to strike given the complexity and magnitude of the case. ... 7

      B.    The requested hourly rates are reasonable. .......................................................... 11

III.  The Requested Costs Are Reasonable And Recoverable. ............................................ 14

CONCLUSION ................................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                      **Page(s)**

*569 E. Cnty. Boulevard LLC v. Backcountry Against the Dump, Inc.*,
   6 Cal. App. 5th 426 (2016)................................................................................5

*Beryl v. Navient Corp.*,
   No. 20-CV-05920-LB, 2023 WL 4570626 (N.D. Cal. July 13, 2023) .........................13

*Cuviello v. Feld Entm't, Inc.*,
   No. 13-CV-04951-BLF, 2015 WL 154197 (N.D. Cal. Jan. 12, 2015)..........................15

*Frym v. 601 Main St. LLC*,
   82 Cal. App. 5th 613 (2022)................................................................................6

*Graham-Sult v. Clainos*,
   756 F.3d 724 (9th Cir. 2014)................................................................................5

*Grant & Eisenhofer, P.A. v. Brown*,
   No. CV175968PSGAFMX, 2018 WL 4945303 (C.D. Cal. May 14, 2018) ...................8

*Gunn v. Drage*,
   No. 20-16046, 2023 WL 3043651 (9th Cir. Apr. 21, 2023) .........................................12

*Herring Networks, Inc. v. Maddow*,
   No. 3:19-cv-1713, 2021 WL 409724 (S.D. Cal. Feb. 5, 2021) .....................................15

*Intermarketing Media, LLC v. Barlow*,
   No. SACV2000889JLSDFM, 2021 WL 6102516 (C.D. Cal. Nov. 4, 2021)..................5

*Ketchum v. Moses*,
   24 Cal. 4th 1122 (2001)................................................................................5, 8

*Mahach-Watkins v. Depee*,
   No. C 05-1143 SI, 2009 WL 3401281 (N.D. Cal. Oct. 20, 2009) ................................15

*Mullan v. Daniels*,
   No. 19-CV-04058-KAW, 2021 WL 4932726 (N.D. Cal. Apr. 7, 2021) ....................5, 6

*Nat'l Abortion Fed'n v. Ctr. for Med. Progress*,
   No. 15-CV-03522-WHO, 2024 WL 1286936 (N.D. Cal. Mar. 25, 2024) ....................13

*In re Onix Grp., LLC Data Breach Litig.*,
   No. CV 23-2288-KSM, 2024 WL 5107594 (E.D. Pa. Dec. 13, 2024) .........................14

*Open Source Sec., Inc. v. Perens*,
   No. 17-CV-04002-LB, 2018 WL 2762637 (N.D. Cal. June 9, 2018)..............5, 6, 12, 13

*Peak Health Ctr. v. Dorfman*,
No. 19-CV-04145-VKD, 2020 WL 3254337 (N.D. Cal. June 16, 2020) .......................6

*In re PersonalWeb Techs., LLC*,
No. 18-CV-00767-BLF, 2023 WL 8701304 (N.D. Cal. Dec. 15, 2023) .......................13

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*,
No. 12-CV-04634-SI, 2015 WL 4932248 (N.D. Cal. Aug. 18, 2015)...........................9

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
890 F.3d 828 (9th Cir. 2018)......................................................................................6

*PLCM Grp. v. Drexler*,
22 Cal. 4th 1084 (2000)...............................................................................................6

*Skidmore v. Gilbert*,
No. 20-cv-06415, 2022 WL 4625071 (N.D. Cal. Sept. 30, 2022) ..............................15

*Smith v. Payne*,
No. C 12-01732 DMR, 2013 WL 1615850 (N.D. Cal. Apr. 15, 2013) .........................8

*In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*,
No. 13-MD-2445, 2024 WL 815503 (E.D. Pa. Feb. 27, 2024).....................................14

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
No. MDL 2672 CRB (JSC), 2017 WL 2178787 (N.D. Cal. May 17, 2017) ................13

*Whiteley v. Zynerba Pharms., Inc.*,
No. CV 19-4959, 2021 WL 4206696 (E.D. Pa. Sept. 16, 2021)....................................13

*Wynn v. Chanos*,
No. 14-CV-04329-WHO, 2015 WL 3832561 (N.D. Cal. June 19, 2015) .............6, 9, 13

**Statutes**

Cal. Civ. Proc. Code § 425.16...........................................................................1, 5, 14

**Other Authorities**

Fed. R. Civ. Proc. 12(b)(6) ...........................................................................3, 6

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants HP Inc. and HPI Federal, LLC (collectively, "HP") move for a mandatory award of attorney's fees and costs pursuant to California Code of Civil Procedure Section 425.16, California's statute which prohibits strategic lawsuits against public participation ("anti-SLAPP"). Defendants request an award of attorney's fees and non-taxable costs incurred in connection with the four anti-SLAPP motions in this litigation. Defendants also request an award of fees and costs incurred in bringing this Motion as permitted by law.

## INTRODUCTION

Pursuant to California Code of Civil Procedure Section 425.16(c) and this Court's February 4, 2025 Order granting HP's renewed motion to strike the amended complaint, "HP is entitled to its attorney's fees and costs." HP seeks an award of $1,864,116.56 in attorney's fees, based on 1,971.30 hours reasonably expended in connection with the four anti-SLAPP motions in this litigation, multiplied by its counsel's reasonable hourly rates. HP also seeks to recover $16,668.95 in costs, including court filing costs, hearing transcript costs, and travel costs to attend hearings on the anti-SLAPP motions.

The hours HP's counsel dedicated to the four anti-SLAPP motions (which were inextricably intertwined with HP's motions to dismiss) are warranted based on the complexity and magnitude of the claims in this litigation. Plaintiff Trident E&P, LLC ("Trident") baselessly accused HP of lying to the U.S. government and claimed more than $500 million in compensatory and punitive damages. These issues in the case were unnecessarily complicated by Trident's unsupported accusations, continued efforts to evade the parties' written agreement and its governing law provisions, conflicting allegations, and kitchen-sink litigation approach. Trident's needlessly inefficient litigation tactics led to a significant increase in the number of hours incurred.

The requested hourly rates of HP's counsel are in line with prevailing market rates for similar work performed by attorneys of comparable skill, experience, and reputation. HP retained DLA Piper LLP (US) ("DLA Piper"), a top law firm with a wealth of experience in handling complex business litigation like the instant case. The attorneys staffed on this matter contributed significant experience and value, including a partner and an associate who specialize in

1

government contracting, and practitioners in Philadelphia and San Francisco experienced in business and commercial litigation. The skills of HP's counsel and the quality of representation are clearly demonstrated by the Court's decision to grant HP's motions to strike Trident's original complaint and amended complaint in their entirety. The hourly rates of DLA Piper attorneys—significantly discounted from their standard rates, with additional invoice-level discounts—are reasonable and in line with market rates. Moreover, HP's counsel conducted additional review of the billing records to exclude from this request hours incurred not in connection with the anti-SLAPP motions.

Therefore, HP requests that the Court award the full amount of attorney's fees and costs sought.

## **BACKGROUND**

Trident improperly filed this action in the Eastern District of Pennsylvania on August 2, 2022. [D.E. 1]. The 277-paragraph complaint sought compensatory damages "in an amount no less than $85,000,000.00, [and] punitive damages in an amount no less than $425,000,000.00." *Id.* at 43. The complaint attached over 1,300 pages of exhibits. [D.E. 1-1 to 1-4]. The complaint purported to assert five causes of action, omitted any reference to the parties' controlling agreement, which provided for the application of California law and venue, and self-servingly excerpted an email chain to mischaracterize the record. [D.E. 1] at Exs. 4, 9, 10; *see* [D.E. 10] at 7 n.5.

HP moved to transfer venue, strike and/or dismiss the complaint. [D.E. 10]. At the request of the presiding judge in the Eastern District of Pennsylvania, HP subsequently withdrew the omnibus motion and re-filed two separate motions: (1) a motion to transfer venue, and (2) a combined motion to strike and/or dismiss the complaint. [D.E. 27–30]. HP's transfer motion was granted on February 9, 2024. [D.E. 31] ("Transfer Order").

Following the transfer of the case to the Northern District of California, at the Court's invitation, HP amended its motion to strike and/or dismiss. [D.E. 58]. Trident continued to assert that Pennsylvania law governed its claims. *See, e.g.*, [D.E. 59] at 6–14, 27. The Court held argument on June 13, 2024. [D.E. 61]. Without leave of Court, Trident then filed post-hearing

supplemental briefing, raising new arguments and attaching a new supplemental affidavit of its CEO alleging facts "not specifically pled" previously. [D.E. 65, 65-1]. HP was forced to submit a letter in response to the improper supplemental briefing. [D.E. 66]. On June 21, 2024, the Court granted HP's motion to strike under California's anti-SLAPP statute as well as the motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [D.E. 67] ("June 2024 Order"). The June 2024 Order stated that "[s]uccessful anti-SLAPP motions require an award of attorney's fees and costs" but deferred the issue of award and afforded Trident leave to amend. *Id.* at 17.

Trident filed a substantially-rewritten amended complaint ("FAC") on July 26, 2024, adding seven new causes of action, but still failing to remedy the fundamental flaws of its original complaint. [D.E. 73]. The FAC sought "direct and consequential damages in an amount . . . presently estimated at not less than $85,000,000.00 USD" and "punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants as determined at trial, but presently estimated in excess of $425,000,000 . . . ." FAC at 63. The 399-paragraph FAC again attached over 1,000 pages of exhibits. *Id.*; [D.E. 73-1 and 73-2]. HP moved to strike and dismiss the FAC, addressing, among other things, the new allegations, theories, and causes of action. [D.E. 78]. The parties jointly requested and were granted a 2-page extension for a total of 27 pages each for opening brief and opposition. [D.E. 76, 77].  HP limited the argument presented in its opening brief to comport with the page limit. [D.E. 78]. Rather than following the Court's prescribed page limits, on the day it was due to file the opposition, Trident's counsel emailed HP's counsel to request consent to file a 35-page opposition. *See* [D.E. 83] at 1. Although HP's counsel declined to consent to further extend the page limit (*see id.*), Trident nevertheless filed a 32-page opposition brief along with an administrative motion requesting the Court to extend the page limit to 32 pages. [D.E. 81, 82]. HP was again forced to file a response letter explaining its position on the page extension request. [D.E. 83]. The Court granted Trident's administrative motion, explaining that it was "water under the bridge at this point" and gave HP the equivalent excess pages for its reply brief. [D.E. 84]. In order to address the issues raised in Trident's 32-page response, HP filed a reply brief within the expanded page limit. Argument was held on October 10, 2024. [D.E. 85,

DEFENDANTS' MOTION FOR ANTI-SLAPP FEES AND COSTS
CASE NO. 3:24-CV-00790-LB

1   89].

2        On October 15, 2024, the Court dismissed the FAC with prejudice, concluding that Trident

3   failed to state any claims. [D.E. 93] ("October 2024 Order"). The Court denied HP's anti-SLAPP

4   motion to strike without prejudice and afforded HP an opportunity to renew the motion. *Id.* at 11,

5   19. The Court instructed that if HP did not want to renew the motion to strike, "then the court will

6   enter judgment in its favor." *Id.* at 19. On October 28, 2024, the parties stipulated to a briefing

7   schedule for HP's renewed motion, which was then entered by the Court. [D.E. 94, 95].

8        On November 8, 2024, the day that HP's renewed motion to strike was due, Trident,

9   without prior notice, filed a premature notice of appeal to the Ninth Circuit, challenging the

10   October 2024 Order. [D.E. 96]. On the same day, HP timely filed the renewed motion to strike.

11   [D.E. 97]. Trident also retained counsel from an additional law firm. [D.E. 100, 101]. Likely due

12   to the addition of new counsel, Trident raised new arguments in its response to the renewed motion

13   to strike which HP addressed in its reply. [D.E. 102, 103]. After the renewed motion to strike was

14   fully briefed, the Court requested supplemental briefing in connection with the notice of appeal

15   filed by Trident. [D.E. 104]. The parties submitted a joint stipulation stating that the parties agreed

16   that the Court retained jurisdiction to rule upon HP's renewed motion to strike because "no final

17   judgment ha[d] been entered" in the matter. [D.E. 105].

18        The Court held argument on January 23, 2025. [D.E. 106]. On February 4, 2025, the Court

19   granted HP's renewed motion to strike, and ordered that "HP is entitled to its attorney's fees and

20   costs." [D.E. 110] ("February 2025 Order") at 14. On the same day, the Court entered judgment

21   in favor of HP. [D.E. 111].

22                       **ARGUMENT**

23   **I.**   **HP Is Entitled To Recover Its Attorney's Fees And Costs As The Prevailing Party**

24        **Under The Anti-SLAPP Law.**

25        HP is entitled to a mandatory award of attorney's fees and costs as the prevailing party

26   under California's anti-SLAPP statute, which provides that "a prevailing defendant on a

27   special motion to strike *shall* be entitled to recover [its] attorney's fees and costs." CAL. CIV.

28   PROC. CODE § 425.16(c) (emphasis added). By the statute's own terms, an award of fees and costs

is "mandatory." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001); *see also Intermarketing Media, LLC v. Barlow*, No. SACV2000889JLSDFM, 2021 WL 6102516, at *1 (C.D. Cal. Nov. 4, 2021) ("[A]s the prevailing party on the anti-SLAPP Motion to Strike, Defendants are entitled to fees."). The fee provision of California's anti-SLAPP statute applies in federal court. *See Open Source Sec., Inc. v. Perens*, No. 17-CV-04002-LB, 2018 WL 2762637, at *2 (N.D. Cal. June 9, 2018) (citing *Smith v. Payne*, No. C 12-01732 DMR, 2013 WL 1615850, at *1 (N.D. Cal. Apr. 15, 2013)). Here, "[s]tate law governs attorney's fees awards based on state fee-shifting laws, like California's anti-SLAPP statute." *Graham-Sult v. Clainos*, 756 F.3d 724, 751 (9th Cir. 2014).

It is undisputed that HP is the prevailing party for anti-SLAPP fee-shifting purposes. The Court granted HP's renewed motion to strike the FAC in its entirety, specifically instructed that HP is entitled to an award of its attorney's fees and costs, and entered judgment in favor of HP. *See* February 2025 Order at 14 ("The court grants HP's motion. HP is entitled to its attorney's fees and costs."); [D.E. 111]; June 2024 Order at 17 ("Successful anti-SLAPP motions require an award of attorney's fees and costs."); *see also Ketchum*, 24 Cal. 4th at 1141–42 ("[O]nce the motion [to strike] was successful, attorney['s] fees were *mandatory . . .* [and] no longer contingent.") (emphasis in original).

The motions to dismiss that HP filed with the series of anti-SLAPP motions to strike were inextricably intertwined with the anti-SLAPP motions, and the fees should not be apportioned. California's anti-SLAPP statute allows a prevailing defendant to recover fees and costs incurred "in connection with the motion to strike." *Mullan v. Daniels*, No. 19-CV-04058-KAW, 2021 WL 4932726, at *2 (N.D. Cal. Apr. 7, 2021); *see also 569 E. Cnty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 433 (2016). Work "inextricably intertwined" with an anti-SLAPP motion is recoverable. *See Mullan*, 2021 WL 4932726, at *2; *see also Open Source*, 2018 WL 2762637, at *5. Where "'a defendant files motions to strike and to dismiss that are based entirely on a common factual scenario[, a]ll expenses incurred on common issues of fact and law qualify for an award of attorney['s] fees under the anti-SLAPP statute and those fees need not be apportioned.'" *Mullan*, 2021 WL 4932726, at *2 (quoting *Minichino v. First California Realty*, No. C-11-5185 EMC, 2012 WL 6554401, at *4 (N.D. Cal. Dec. 14, 2012)).

Here, HP's motions to dismiss were inextricably intertwined with its anti-SLAPP motions. Indeed, the second step of the anti-SLAPP analysis at issue in this case requires an analysis under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [D.E. 10-1] at 38; [D.E. 58] at 31; [D.E. 78] at 27; *see Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018) (anti-SLAPP motion based on alleged deficiencies in complaint "must be treated in the same manner as a motion under Rule 12(b)(6) . . . ."). Accordingly, HP consistently briefed the two motions together throughout the litigation. *See* [D.E. 10, 30 58, 78]. Thus, HP's motions to strike and motions to dismiss were the same "as a categorical matter," and HP is entitled to recover the fees incurred for the preparation of both without any apportionment. *See Open Source*, 2018 WL 2762637, at *5; *Wynn v. Chanos*, No. 14-CV-04329-WHO, 2015 WL 3832561, at *4 (N.D. Cal. June 19, 2015) (motions to dismiss were clearly intertwined with anti-SLAPP motions and defendant was entitled to fees for all motions filed); *Peak Health Ctr. v. Dorfman*, No. 19-CV-04145-VKD, 2020 WL 3254337, at *3, *5 (N.D. Cal. June 16, 2020) (finding motion to dismiss and anti-SLAPP motion inextricably intertwined and allowing recovery for time spent in connection with both motions).

Therefore, HP is entitled to recover attorney's fees and costs incurred in connection with the series of motions to strike it filed in this action.

## II.    HP Requests Reasonable Fees Incurred In Connection With Its Anti-SLAPP Motions To Strike.

The attorney's fees HP requests are reasonable. "It is well settled that the trial courts are to use the lodestar method when determining an award of attorney['s] fees under the anti-SLAPP statute." *Frym v. 601 Main St. LLC*, 82 Cal. App. 5th 613, 620 (2022) (citing *Ketchum*, 24 Cal. 4th at 1131–35). The lodestar is calculated by "the number of hours reasonably expended multiplied by the reasonable hourly rate," which "is that prevailing in the community for similar work." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000).

HP seeks an award of $1,864,116.56 in fees, based on 1,971.30 hours reasonably expended on four anti-SLAPP motions, multiplied by its attorneys' reasonable hourly rates, which are in line with prevailing market rates for similar work performed by attorneys of comparable skill,

1    experience, and reputation.

2    **A.    HP seeks an award based on hours reasonably expended in connection with**

3    **four anti-SLAPP motions to strike given the complexity and magnitude of the**

4    **case.**

5    HP seeks to recover fees for 1,971.3 hours its counsel, DLA Piper, has dedicated to

6    litigating this case as of January 31, 2025, based on billing records created contemporaneously

7    and maintained in DLA Piper's normal course of business. *See* Declaration of Scott R. Wilson,

8    dated March 6, 2025 ("Wilson Decl.") ¶¶ 4, 30–33. These hours include (1) 79.1 hours expended

9    in fact development, (2) 666.9 hours expended in preparing HP's briefings for its initial motion

10   to strike and dismiss the complaint improperly filed in the Eastern District of Pennsylvania ("First

11   Anti-SLAPP Motion"), (3) 284.5 hours spent in connection with the briefings and hearing of its

12   motion to strike or dismiss the complaint after the case was transferred to the Northern District of

13   California ("Second Anti-SLAPP Motion"), (4) 519.8 hours related to the briefings and hearing

14   of its motion to strike and dismiss the amended complaint ("Third Anti-SLAPP Motion"), (5)

15   344.7 hours incurred in connection with briefings and hearing of the renewed motion to strike

16   ("Fourth / Renewed Anti-SLAPP Motion"), and (6) 76.3 hours expended preparing the instant

17   motion for mandatory fees and costs as of January 31, 2025. A general breakdown of the tasks,

18   billers, hours, and fees is provided below.[2]

19

20

21

22

23

24

25

26

27   _____

[2] Exhibit B of the Wilson Declaration includes a more detailed breakdown of the billers for each
28   task, the hours they spent on each task, and their hourly billing rate.

7

| Task | Hours | Fees |
|------|-------|------|
| Fact Development | 79.1 | $57,865.40 |
| First Anti-SLAPP Motion (E.D. Pa.) | 371.1 | $296,239.68 |
| First Anti-SLAPP Motion Reply (E.D. Pa.) | 285.2 | $240,081.12 |
| Court-Requested Refiling of First Anti-SLAPP Briefing (E.D. Pa.) | 10.6 | $9,314.88 |
| Second Anti-SLAPP Motion (N.D. Cal.) | 116.8 | $98,820.33 |
| Second Anti-SLAPP Motion Reply | 104.1 | $84,578.90 |
| Second Anti-SLAPP Motion Hearing | 57.4 | $71,457.68 |
| Response to Trident's Supplemental Briefing Filed After Second Anti-SLAPP Motion Hearing | 6.2 | $7,239.75 |
| Third Anti-SLAPP Motion (re FAC) | 343.3 | $369,885.30 |
| Third Anti-SLAPP Motion Reply | 139.3 | $150,512.08 |
| Third Anti-SLAPP Motion Hearing | 37.2 | $42,458.99 |
| Fourth / Renewed Anti-SLAPP Motion | 134.6 | $152,313.29 |
| Fourth / Renewed Anti-SLAPP Motion Reply | 149.1 | $155,581.56 |
| Fourth / Renewed Anti-SLAPP Motion Supplemental Briefing | 37.3 | $37,433.59 |
| Fourth / Renewed Anti-SLAPP Motion Hearing | 23.7 | $26,172.42 |
| Motion for Mandatory Fees and Costs[3] | 76.3 | $64,161.59 |

In general, "'the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.'" *Grant & Eisenhofer, P.A. v. Brown*, No. CV175968PSGAFMX, 2018

---

[3] HP is also entitled to recover fees incurred in litigating the instant Motion. *See Ketchum*, 24 Cal. 4th at 1141 ("[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees . . . ."); *Smith v. Payne*, No. C 12-01732 DMR, 2013 WL 1615850, at *1 (N.D. Cal. Apr. 15, 2013) ("[F]ees are also recoverable for the reasonable time spent seeking an award of statutory attorney['s] fees."). The hours and fees listed here are those that have been incurred as of January 31, 2025. Given the ongoing litigation of the instant Motion, HP seeks an award of the additional fees and costs as incurred. HP will provide supplemental information regarding the hours and fees incurred in connection with the Motion in the reply brief.

WL 4945303, at *2 (C.D. Cal. May 14, 2018) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)) (granting anti-SLAPP attorney's fees motion).

The hours expended by HP's counsel are reasonable in light of the complexity and magnitude of this litigation, in which Trident sought *over $500 million in damages*. "[M]ost anti-SLAPP motions . . . tend to present complex issues." *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, No. 12-CV-04634-SI, 2015 WL 4932248, at *5 (N.D. Cal. Aug. 18, 2015). In *Wynn*, the court effectively approved approximately 583 hours of legal work (not including hours expended on the motion for attorney's fees and costs) related to two anti-SLAPP motions to strike a 4-page complaint with a single cause of action and a 14-page amended complaint with the same sole cause of action. *See* 2015 WL 3832561, at *6; *see id.* at [D.E. 1, 50, 66-5]. Here, HP filed four motions to strike; the 43-page complaint (with over 1,300 pages of exhibits) alleged five causes of action and the 61-page FAC (with over 1,000 pages of exhibits) alleged seven additional causes of action for a total of twelve causes of action; the issues litigated centered around nuanced government contract and bid protest issues; the anti-SLAPP motions involved complex issues of law, including, whether the commercial speech exception applies to HP's December 2021 Letter (*see, e.g.*, [D.E. 103] at 6–9), how Trident failed to state a claim for each of the twelve causes of action (*see, e.g.*, [D.E. 58] at 16–31; [D.E. 78] at 10–27), and addressing the Court's inquiry as to whether California's anti-SLAPP statute governs given the enforceable choice-of-law clause in the Partner Agreement (*see, e.g.*, [D.E. 97] at 3–11).

Trident sought to recover more than $85 million in compensatory damages and more than $425 million in punitive damages from HP. *See* Complaint at 43; FAC at 63. Further, Trident alleged conspiracy theories about HP's intent (*see, e.g.*, FAC ¶¶ 104–106, 114–117, 220), and baselessly accused HP of lying to the U.S. government (*see, e.g.*, FAC ¶¶ 156, 164). Given the gravity of the accusations and the magnitude of the relief sought, HP's counsel properly dedicated appropriate time to defending the case vigorously.

Moreover, the number of hours incurred by HP's counsel were driven by Trident's own needlessly inefficient litigation tactics, including notably the requirement to research, analyze, and brief many of the issues in the case under both Third Circuit and Pennsylvania law, as well as

Ninth Circuit and California law. For example,

- Trident initially filed the action in the Eastern District of Pennsylvania and strategically omitted any reference to the Partner Agreement from its pleading, even though the Partner Agreement clearly governs this dispute and selects California as the forum for any disputes. *See* [D.E. 1]; Transfer Order at 1–4, n.3. Because Trident insisted that Pennsylvania law, not California law, applied, HP was forced to research, analyze, and brief the legal issues under both Pennsylvania and California law in its First Anti-SLAPP Motion. *See* [D.E. 10-1, 16, 17].

- Despite the express governing law provision in the Partner Agreement and the transferor court's ruling that such provision is "valid and enforceable" (*see* Transfer Order at 2–3), Trident continued to assert in this Court that Pennsylvania law applied to this dispute and cite to Pennsylvania case law. *See, e.g.*, [D.E. 59] at 6–14, 27 ; [D.E. 81] at 4–7, 11, 14, 17–18, 20–28. Trident's insistence required HP to continue litigating this issue, resulting in additional hours incurred for legal research, analysis, and drafting.

- One week after this Court heard argument regarding HP's motion to strike or dismiss for the first time and took the motion under submission, Trident filed improper supplemental briefing raising new arguments, forcing HP to file a response. *See* [D.E. 65, 65-1, 66].

- Trident filed a substantially re-written FAC, gratuitously adding seven new causes of action. *See* [D.E. 73]. These kitchen-sink tactics significantly increased the total hours expended by HP's counsel on the Third Anti-SLAPP Motion.

- In response to HP's motion to strike and dismiss the FAC, rather than requesting the Court's approval to exceed the previously-established page limits, Trident filed an opposition brief that exceeded the limit by five pages along with an administrative motion requesting that the Court further extend the page limit. *See* [D.E. 81, 82]. HP was forced to submit a response letter explaining its opposition to Trident's request. *See* [D.E. 83].

- Trident prematurely filed a notice of appeal to the Ninth Circuit challenging the October

DEFENDANTS' MOTION FOR ANTI-SLAPP FEES AND COSTS
CASE NO. 3:24-CV-00790-LB

2024 Order, despite the lack of judgment entered. *See* [D.E. 96]. HP was forced to expend additional time and resources to analyze the effect of the premature notice of appeal on the pending renewed motion to strike, prepare for supplemental briefing this Court requested concerning the potential divestiture of jurisdiction with respect to the renewed anti-SLAPP motion, and meet and confer with Trident's counsel to negotiate a stipulation on these issues.

In sum, Trident's litigation tactics created significant inefficiencies and complexity that required HP's counsel to spend more time litigating this case than otherwise would have been required.

The hours expended by HP's counsel are also supported by counsel's efforts to staff this matter appropriately. Given the significance of the government contracting issues and bid protest process to this case, HP's counsel staffed a partner and an associate with expertise in government contracting. *See* Wilson Decl. ¶¶ 10, 12, 15, 22. In addition, because the case was initially filed in the Eastern District of Pennsylvania and later transferred to the Northern District of California, HP's counsel staffed local practitioners at different stages of the matter. *See id.* at ¶¶ 10, 13, 14, 16–22. HP has utilized a single national law firm for purposes of efficiency, whereas Trident recently engaged a second law firm, Arnold & Porter Kaye Scholer LLP, apparently as co-counsel, including to brief and argue the renewed anti-SLAPP motion. [D.E. 100–102, 106].

Moreover, throughout this litigation, HP's counsel exercised billing judgement and voluntarily wrote-off or wrote-down hours expended on the litigation from the invoices that were issued to HP. *See* Wilson Decl. ¶ 5. These write-offs and write-downs are not included in this fee application. *See id*. In addition, in preparing this Motion, HP's counsel reviewed the billing records and excluded hours incurred not in connection with HP's anti-SLAPP motions, such as hours related to the motion to transfer venue, case management, and the Ninth Circuit mediation. *See id.* at ¶¶ 5, 32.

Therefore, the hours expended by HP's counsel are reasonable.

**B.    The requested hourly rates are reasonable.**

The hourly rates of HP's counsel also are reasonable. "To determine the reasonable hourly rate, the court looks to 'the rate prevailing in the community for similar work performed by

attorneys of comparable skill, experience, and reputation.'" *Open Source*, 2018 WL 2762637, at *3 (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)). "The relevant community is typically the forum in which the court sits." *Gunn v. Drage*, No. 20-16046, 2023 WL 3043651, at *1 (9th Cir. Apr. 21, 2023) (citing *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995)).

The requested fee award is based on the significantly discounted hourly rates of HP's counsel at DLA Piper from 2022 to 2025. *See* Wilson Decl. ¶ 23. In addition to timekeeper rate discounts, DLA Piper applied additional invoice-level discounts throughout the course of the litigation, lowering the effective hourly rate of each timekeeper even further below his or her standard hourly rate. *See id.* at ¶¶ 24–27, Ex. A (chart detailing the effective billing rates of each timekeeper after invoice-level discounts). Those rates are reasonable in light of the rates charged for work of similar complexity performed by attorneys of comparable skill, experience, and reputation in the Philadelphia and San Francisco areas, where the transferor court and this Court sit, respectively. *See id.* at ¶¶ 4, 28–29, 36.

HP is represented by attorneys from DLA Piper, which is widely acknowledged as a top law firm globally and nationally. *See id.* at ¶ 9. HP retained DLA Piper for this high-stakes litigation because of DLA Piper's wealth of experience and resources to handle complex business and commercial litigation in federal courts. *See id.* at ¶¶ 9–22. The attorneys staffed on this matter contributed significant experience and value. Partner and co-lead counsel Scott Wilson is a nationally-recognized litigator with more than fifteen years of experience in representing multinational companies in complex business disputes. *See id.* at ¶ 11. Partner and co-lead counsel Dawn Stern co-chairs DLA Piper's government contracts practice and is a *Chambers*-ranked attorney with over fifteen years of experience handling matters in federal and state courts involving government contracts, including bid protests like those at issue in this case. *See id.* at ¶ 12. Retired partner Joeseph Kernen had more than thirty years of experience representing corporate clients in complex litigation involving commercial contracts, including numerous cases in the United States District Court for the Eastern District of Pennsylvania, and served as the Chair of Litigation Group of DLA Piper's Philadelphia office. *See id.* at ¶ 13. Associate Christie Alvarez,

who served as a Senior Government Contracts Attorney and Contracting Officer for the U.S. government prior to joining DLA Piper, focuses her practice on government contracts. *See id.* at ¶ 15. Senior attorney Sarah Kalman, who works in DLA Piper's Philadelphia office, specializes in commercial litigation and has relevant experience litigating cases involving the application of Pennsylvania law. *See id.* at ¶ 16. Associate Bing Sun, who works in DLA Piper's San Francisco office, specializes in complex business and commercial litigation in California state and federal courts. *See id.* at ¶ 18. Other attorneys and professional legal support staff all contributed experience and skill appropriate to their level and were leveraged at different stages of the litigation given the transfer of venue. *See id.* at ¶¶ 10–22.

The hourly rates of attorneys and legal support staff requested are reasonable in light of the rates used for lodestar calculations in other cases in the Northern District of California and Eastern District of Pennsylvania. *See Wynn*, 2015 WL 3832561, at *2 (approving Arnold & Porter's hourly rates of up to $1085 for partners and $710 for associates in an anti-SLAPP matter *ten years ago*); *Open Source*, 2018 WL 2762637, at *3 (approving O'Melveny & Meyers's hourly rates of up to $1,050 for partners, $640 for third-year associates, and $220 for legal support staff, in an anti-SLAPP case seven years ago); *Beryl v. Navient Corp.*, No. 20-CV-05920-LB, 2023 WL 4570626, at *3 (N.D. Cal. July 13, 2023) (awarding attorneys' "actual rate" billed to clients, including $1,200 hourly rate for attorney with twenty years of experience); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 2178787, at *3 (N.D. Cal. May 17, 2017) (approving billing rates ranging up to $1,600 for partners, $850 for associates, and $450 for paralegals); *In re PersonalWeb Techs., LLC*, No. 18-CV-00767-BLF, 2023 WL 8701304, at *6 (N.D. Cal. Dec. 15, 2023) (approving Paul Hastings' hourly rates of up to $1,500); *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, No. 15-CV-03522-WHO, 2024 WL 1286936, at *6 (N.D. Cal. Mar. 25, 2024) (finding Morrison Foerster's hourly rates of $1,200–1,450 for partners, $890–1,050 for associates, and $325–345 for paralegals reasonable); *Whiteley v. Zynerba Pharms., Inc.*, No. CV 19-4959, 2021 WL 4206696, at *14 (E.D. Pa. Sept. 16, 2021) (finding hourly rates of up to $1,100 "well within the range of what is reasonable and appropriate in this market" and "the same as the regular current rates charged

for [] services in standard non-class matters . . . ."); *In re Onix Grp., LLC Data Breach Litig.*, No. CV 23-2288-KSM, 2024 WL 5107594, at *16 (E.D. Pa. Dec. 13, 2024) (finding hourly rate of $1,057 for attorneys reasonable); *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, No. 13-MD-2445, 2024 WL 815503, at *17 (E.D. Pa. Feb. 27, 2024) (finding hourly rate of $1,550 for attorneys reasonable).

The DLA Piper rates are commensurate with prevailing rates in the community for services by attorneys and professionals of comparable skill, experience, and reputation for similarly complex litigation. *See* Wilson Decl. ¶ 28. Market survey data from West Publishing Corporation confirms that the effective billing rates charged for this matter were fair, reasonable, and commensurate with rates charged by law firms of comparable quality and skill in the Philadelphia area for the time period before the case was transferred in February 2024, and in the San Francisco area for the time period after the case was transferred in February 2024. *See id.* at ¶ 29.

HP's counsel's hourly rates are also reasonable based on the quality of the representation. The Court granted HP's motion to strike and motion to dismiss the entirety of the original complaint. [D.E. 67]. After Trident filed the FAC that added seven new causes of action and presented new theories, the Court dismissed all claims with prejudice and granted the motion to strike the entirety of the FAC. *See* [D.E. 93, 110].

Given the skill, experience, and reputation of the attorneys, comparable rates in the Philadelphia and San Francisco areas, and the quality of the representation, the hourly rates requested are reasonable.

**III.   The Requested Costs Are Reasonable And Recoverable.**

HP is also entitled to recover its costs pursuant to the anti-SLAPP statute. *See* CAL. CIV. PROC. CODE § 425.16(c)(1). HP has incurred a total of $16,668.95 in costs in connection with the anti-SLAPP motions as of January 31, 2025, including court filing costs, hearing transcript costs, and travel costs to attend hearings on the anti-SLAPP motions. *See* Wilson Decl. ¶¶ 6, 34–35. This calculation already excludes costs written off by HP's counsel, including copying, messenger, postage, and research costs. *See id.* at ¶ 6. It also does not include research costs which were not charged to HP such as the use of research programs for which the firm pays a lump sum

1  rather than on a client-specific basis. *See id.*

2  Courts have held that the types of costs HP seeks are recoverable as non-taxable costs.

3  *See, e.g.*, *Herring Networks, Inc. v. Maddow*, No. 3:19-cv-1713, 2021 WL 409724, at *11 (S.D.

4  Cal. Feb. 5, 2021) (granting anti-SLAPP costs of $10,724.36 including "transcript costs, research

5  costs, photocopying costs, process server costs, document retrieval service costs, and courier

6  costs"); *Skidmore v. Gilbert*, No. 20-cv-06415, 2022 WL 4625071, at *10 (N.D. Cal. Sept. 30,

7  2022) (granting anti-SLAPP costs incurred, including court filing fees and transcript fees);

8  *Cuviello v. Feld Entm't, Inc.*, No. 13-CV-04951-BLF, 2015 WL 154197, at *5 (N.D. Cal. Jan. 12,

9  2015) (awarding costs incurred for travel and making chambers copies of documents); *Mahach-

10  Watkins v. Depee*, No. C 05-1143 SI, 2009 WL 3401281, at *2 (N.D. Cal. Oct. 20, 2009)

11  (awarding costs for meals, hotel expenses, copying and courier services, mailing, fax, and legal

12  services). Thus, the costs requested by HP are reasonable.

13  **CONCLUSION**

14  For the reasons set forth above, HP respectfully requests that the Court award a total of

15  $1,880,785.51 in attorney's fees and costs, and additional fees and costs as incurred in litigating

16  the instant Motion, as required under California's anti-SLAPP statute.

17

18  Respectfully submitted,

19  Dated: March 6, 2025                    */s/ Scott R. Wilson*

20                                          DLA PIPER LLP (US)
                                            Scott R. Wilson (admitted *pro hac vice*)

21                                          scott.wilson@us.dlapiper.com
                                            1251 Avenue of the Americas, 27th Floor

22                                          New York, NY 10020
                                            Phone: (212) 335-4915

23                                          Dawn E. Stern (admitted *pro hac vice*)

24                                          dawn.stern@us.dlapiper.com
                                            500 Eighth Street, NW

25                                          Washington, DC 20004
                                            Phone: (202) 799-4405

26                                          Bing Sun (SBN 327951)

27                                          bing.sun@us.dlapiper.com
                                            555 Mission Street, Suite 2400

28                                          San Francisco, CA 94105
                                            Phone: (415) 836-2500

DEFENDANTS' MOTION FOR ANTI-SLAPP FEES AND COSTS
CASE NO. 3:24-CV-00790-LB